IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON STORRS, and AMBER SMITH, | |
| Plaintiffs, | 8:21-CV-175 |
| vs. | |
| TRAVIS ROZEBOOM, in his individual capacity; PRESTON MAAS, in his individual capacity; and BRIAN MALONE, in his individual capacity, | MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO STAY TAXATION OF COSTS |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion to Stay Taxation of Costs pending appeal. Filing 93. The Court previously granted summary judgment in Defendants' favor on October 14, 2022. Filing 85 (Memorandum and Order), Filing 86 (Judgment). Plaintiffs filed a Notice of Appeal with the United States Court of Appeals for the Eighth Circuit on November 8, 2022. Filing 87. The next day, November 9, 2022, Defendants filed a Bill of Costs with this Court seeking $2,107.02 based on "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Filing 89 at 1. Defendants substantiated this sum with invoice receipts showing that these costs were, indeed, associated with deposition transcriptions and video recordings in this case. *See* Filing 89 at 3–7. Plaintiffs' present Motion followed on November 18, 2022. Filing 93. Defendants filed their opposition to Plaintiffs' Motion on December 1, 2022. Filing 94. Plaintiffs did not submit anything in reply.

1

In their brief Motion, Plaintiffs note that "[p]er Fed. R. Civ. P. 54 and Local Rule 54.1, the Court may stay the taxation of costs pending appeal upon 'motion of the parties' or 'the court's own motion.'" Filing 93 at 1. They then contend that "[e]ntitlement to costs, if any, cannot be properly determined until this case is fully and finally decided by the Eighth Circuit Court of Appeals. Accordingly, staying the taxation of costs pending appeal promotes judicial efficiency." Filing 93 at 2. Plaintiffs do not cite any case law to support their position. *See generally* Filing 93.

Defendants counter that "Plaintiffs' Motion, with the exception of its one-line reference to judicial economy, fails to analyze any factors often considered by courts in determining whether to grant a stay of taxation of costs[.]" Filing 94 at 3. Relying on a case from the United States District Court for the District of Minnesota, Defendants urge the Court to consider the following in ruling on this Motion: (1) whether Plaintiffs have presented a strong showing of success on appeal, (2) whether Plaintiffs will suffer irreparable injury without a stay, and (3) whether a stay would harm the public interest. Filing 94 at 3 (citing *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. CV 15-3183 ADM/LIB, 2019 WL 1058241, at *2 (D. Minn. Mar. 6, 2019). Defendants argue that these three factors weigh in favor of denying Plaintiffs' Motion. Filing 94 at 3.

"The Eighth Circuit has rejected the argument that a district court does not have authority to grant costs against a party who has filed an appeal." *Abdel–Ghani v. Marketsource*, Inc., No. 14-CV-4136 (PJS/FLN), 2016 WL 5952740, at *1 (D. Minn. Oct. 13, 2016) (citing *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (in turn citing *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260–61 (7th Cir. 1994)). At the same time,

> No clear standard has developed to guide district courts in the exercise of their discretion in deciding whether or not to stay the taxation of costs pending appeal, but the consensus seems to be that the court must have some valid reason for not awarding costs at the customary stage of the proceedings.

2

*Prism Techs., LLC v. McAfee, Inc.*, No. 8:10CV220, 2013 WL 571789, at *2 (D. Neb. Feb. 13, 2013) (quoting *Maytag Corp. v. Electrolux Home Prods.,* No. C 04-4067-MWB, 2006 WL 8456956, at *2 (N.D. Iowa Dec. 11, 2006)).

Even in the absence of a "clear standard" on this matter, several district courts within the Eighth Circuit have agreed that "[t]he possibility that the underlying judgment might be reversed, with the result that the award of costs might also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh." *Prism Techs.*, 2013 WL 571789, at *2 (quoting *Maytag Corp.*, 2006 WL 8456956, at *2); *see also Kushner v. Buhta*, No. 16-CV-2646 (SRN/SER), 2019 WL 1417434, at *4 (D. Minn. Mar. 29, 2019) (relying upon the quoted language from *Prism Techs.* in finding that judicial economy was best served by taxing costs at the present time rather than issuing a stay pending appeal).

Given the "consensus" among the courts that there must be "some valid reason for not awarding costs at the customary stage of the proceedings[,]" *Prism Techs.*, 2013 WL 571789, at *2, the Court is not inclined to grant Plaintiffs' Motion. The sole reason Plaintiffs offer for staying taxation of costs is because they "cannot be properly determined until this case is fully and finally decided by the Eighth Circuit Court of Appeals" and, therefore, a stay will—in their view—promote "judicial efficiency." Filing 93 at 2. Yet, as more than one district court within the Eighth Circuit has recognized, that "argument exists in every case where an appeal is taken[.]" *Prism Techs.*, 2013 WL 571789, at *2; *see also Kushner*, 2019 WL 1417434, at *4. The Court agrees with the Northern District of Iowa's conclusion in *Maytag Corp.* "that the possibility of reversal on appeal is not a 'valid reason,' standing alone, to stay taxation of costs." *Maytag Corp.*, 2006 WL 8456956, at *2. In sum, it "is simply too speculative to outweigh the benefit of the trial court

conducting a review of the bill of costs while the case is still fresh." *Prism Techs.*, 2013 WL 571789, at *2 (quoting *Maytag Corp.*, 2006 WL 8456956, at *2).

The Court further agrees with Defendants that refusing to stay taxation of $2,107.02 in costs will neither cause Plaintiffs to suffer irreparable injury nor harm the public interest. *See Kushner,* 2019 WL 1417434, at *4. The Court's conclusion is reinforced by the fact that Plaintiffs make no such arguments to the contrary in their Motion. *See generally* Filing 93. Finally, the Court does not find that Plaintiffs have demonstrated a strong showing of success on appeal. *See Kushner,* 2019 WL 1417434, at *4. Not only does their Motion neglect to analyze this factor, it makes no mention of the issue or issues Plaintiffs intend to raise on appeal at all. Consideration of these factors further weighs against granting Plaintiffs' Motion. Accordingly,

IT IS ORDERED: Plaintiffs' Motion to Stay Taxation of Costs, Filing 93, is denied.

Dated this 6th day of January, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge